He v. Holder

BIA
Abrams, IJ
A098 235 517

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand twelve.

PRESENT:
>       DENNIS JACOBS,
>               *Chief Judge,*
>       ROSEMARY S. POOLER,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges.*

_____

ZONG XIUNG HE,
>       *Petitioner,*

>       v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

10-543-ag

NAC

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Andrew Oliveira, Trial

**Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Zong Xiung He, a native and citizen of China, seeks review of a January 15, 2010, decision of the BIA affirming the April 9, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re He*, No. A098 235 517 (B.I.A. Jan. 15, 2010), *aff'g* No. A098 235 517 (Immig. Ct. N.Y. City Apr. 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because

2

He does not challenge the agency's pretermission of his asylum claim or otherwise argue that he is eligible for asylum, we consider only the agency's denial of withholding of removal and CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

He contends that the agency erred in finding that his testimony was insufficiently detailed and that he failed to adequately corroborate his claim. Although an applicant's credible testimony alone may be enough to carry his burden of proof, 8 C.F.R. § 208.13(a), an IJ may nonetheless require that his testimony be corroborated if one would reasonably expect corroborating evidence to be available. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence"); *Chuilu Liu v. Holder*, 575 F.3d 193, 196-98 (2d Cir. 2009). Here, the agency determined that some corroboration was needed, either medical evidence or documentation of He's arrest and detention. But He failed to provide medical documentation or any documentation of his arrest or detention. He did not provide any explanation for his failure to present such

3

evidence, and the record does not compel the conclusion that such evidence was unavailable, especially since He testified that his injuries were very serious–that he was severely beaten to the point of losing consciousness.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii); 8 U.S.C. § 1252(b)(4); *Chuilu Liu*, 575 F.3d at 196-99.

Although He argues that the IJ failed to give him proper notice that additional corroboration was necessary, an IJ need not specify the points of testimony that require corroboration *prior* to disposition of the applicant's claim. *See Chuilu Liu*, 575 F.3d at 198-99.  It is enough that the IJ identify the necessary pieces of corroborating evidence in its decision, which then affords a petitioner the opportunity to present the additional evidence either on a motion to reopen or before the BIA on appeal.  *Id.* at 199. The IJ in this case did specify the additional corroboration required in his oral decision; thus, Petitioner's failure to come forward with corroborating evidence coupled with his failure to provide any explanation for the absence of corroborating evidence is fatal to his claim.

Finally, nothing in the record would compel a reasonable fact-finder to conclude that Petitioner practices Falun Gong in the United States based on his and his

cousin's testimony about his practice, particularly given that He testified that he practices alone and has never met any other Falun Gong practitioners, his cousin does not practice Falun Gong and did not provide any details about how He practices, and nobody who practices Falun Gong testified that Petitioner practices Falun Gong. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

Because the agency reasonably found that He did not satisfy his burden of proof either as to past harm or with respect to any bases for future harm, the agency did not err in denying withholding of removal and CAT relief, as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5